IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LONDYN C. SMITH DERICHELIEU
    *Plaintiff*,

v.

                                  Civil No.:  ELH-21-1953

JOHNS HOPKINS UNIVERSITY,

    *Defendant.*

**MEMORANDUM**

Londyn C. Smith DeRichelieu,[1] the self-represented plaintiff, filed suit on August 3, 2021, against defendant Johns Hopkins University (the "University" or "JHU"), her former employer. ECF 1.  She alleges discrimination on the basis of race, color, and sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.; 42 U.S.C. § 1981; and the Maryland Fair Employment Practices Act ("FEPA"), Md. Code (2021 Repl. Vol.), § 20-601 *et seq.* of the State Government Article ("S.G.").  *Id.*[2]  DeRichelieu subsequently filed a supplement to ECF 1 containing two documents: the Charge of Discrimination ("Charge") she filed with the Equal Employment Opportunity Commission ("EEOC"), and her EEOC Dismissal and Notice of Rights.  ECF 5.  I shall refer to ECF 1 and ECF 5 together as the "Complaint."

On September 7, 2021, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  ECF 12.  The

---

[1] DeRichelieu has spelled her name in several different ways in the Complaint. I have used the spelling that appears most frequently.

[2] Summons was returned executed on September 7, 2021. ECF 7. But, on November 24, 2021, a summons for the University, identifying a different person to be served, was returned unexecuted because no green card was returned. ECF 16. Because defendant plainly has notice of the suit and has not raised any issue of service, I need not address the adequacy of service.

motion is supported by a memorandum (ECF 12-1, collectively the "Motion") and two exhibits. ECF 12-2; ECF 12-3.[3]

By Notice dated September 7, 2021 (ECF 14), plaintiff was informed of her right to respond in opposition to the Motion, due within 28 days. *Id.* at 1. Plaintiff was also informed in the Notice, as follows: "If you do not file a timely written response…the Court may dismiss the case or enter a judgment against you without further opportunity to present written argument." *Id.*

DeRichelieu did not respond to the Motion by the relevant deadline. Accordingly, the Court issued an Order on November 2, 2021, granting her until December 2, 2021, to respond to the Motion. ECF 15. She was also warned that if she did not submit a response, I would assume she does not oppose the Motion. *Id.*

As of this date, no responsive pleading to the Motion has been filed by plaintiff. *See* Docket. Therefore, I assume the Motion is unopposed. Nevertheless, in *Muhammad v. Maryland*, ELH–11–3761, 2012 WL 987309, *1 n.3 (D. Md. Mar. 20, 2012), I explained: "'[T]he Court need not grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit.' *United States v. Sasscer*, JHY–97–3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000)." Indeed, in *Muhammad*, the Court rejected meritless arguments advanced by the defense, despite the plaintiff's failure to oppose them. Therefore, I will consider the merits of defendant's arguments, even though the Motion is unopposed by the pro se plaintiff.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall construe the Motion as a motion to dismiss and grant it in part.

---

[3] The text of the Motion suggests that defendant also intended to include DeRichelieu's EEOC Charge, and her Dismissal and Notice of Rights, as exhibits to the Motion. *See* ECF 12-1, ¶¶ 2, 3. However, no such exhibits are attached. Regardless, DeRichelieu already included these documents with her Complaint. *See* ECF 5.

## I. Factual Background[4]

I briefly summarize the factual allegations in the Complaint.  Plaintiff identifies as "African American (Black) and female (transgender, born male)."  ECF 1, ¶ 6.  On or about September 10, 2018, plaintiff was hired for the position of "Research Coordinator II" at the University's School of Public Health.  *Id*. ¶ 5.  Plaintiff's manager was Danielle German, who is "white and female (born female)."  *Id*. ¶ 7.

During the course of plaintiff's employment, she "frequently confided" in German "about her own trauma, harassment and discrimination that she had faced as a black, transgender woman." *Id*. ¶ 17.  As a result, plaintiff alleges, German understood that plaintiff was "extremely sensitive and vulnerable and was relying on Mrs. German and her coworkers for support."  *Id*. ¶ 18.

As early as October 2019, plaintiff complained to German "that she was being targeted and harassed by Iya Dammons of Safe Haven, a transgender community partner with whom Plaintiff had worked."  *Id*. ¶ 10.  Nevertheless, Dammons "was invited to a Community Advisory Board (CAB) meeting in December, 2019 attended by Plaintiff where Ms. Dammons verbally assaulted Plaintiff."  *Id*. ¶ 11.  The University allegedly took "no actions to protect" plaintiff after this incident.  *Id*. ¶ 12.

On or about March 10, 2020, plaintiff was suspended for "actions related to Ms. Dammons and Safe Haven that were inconsistent with her job requirements."  *Id*. ¶ 12.  Plaintiff asserts that the actions related to her suspension did not occur while she was at work, or in her official capacity.  ECF 1, ¶¶ 13, 14.  In response, plaintiff informed the University that "she felt that she was being targeted for her race and her sex/transgender status."  *Id*. ¶ 16.

---

[4] As discussed, *infra*, at this juncture I must assume the truth of the facts alleged in the suit. *See Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019).

Plaintiff was terminated on March 18, 2020. *Id*. ¶ 19. She asserts that the University maintained a progressive disciplinary policy, requiring notice and investigation of improper behavior before suspension or termination, but that the University did not engage in this policy before terminating plaintiff. *Id*. ¶¶ 15, 19. Further, plaintiff alleges that "[w]hite cisgendered employees who violated" JHU policies were handled according to this policy, rather than suspended and terminated as she was. *Id*. ¶ 20.

DeRichelieu alleges in the Complaint that "[o]n or about July 9, 2020, Plaintiff filed her Charge of Discrimination with the" EEOC. *Id*. ¶ 21. This occurred approximately 113 days after plaintiff's termination on May 18, 2020. However, plaintiff has included her Charge with the Complaint. *See* ECF 5 at 2. This document reflects a signature date of January 24, 2021. *Id*. And, that is some 312 days after May 18, 2020. On May 5, 2021, the EEOC notified plaintiff that it was closing its file as to the Charge because it "was not timely filed with the EEOC." *Id*. at 1.

Additional facts are included, *infra*.

## II.  Standard of Review

As noted, the Motion is styled as a "Motion to Dismiss Or, In the Alternative, For Summary Judgment." ECF 12. A motion styled in the alternative implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to

present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). But, when the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).[5]

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C Wright & Miller, Federal Practice & Procedure § 1366 (3d ed. 2018). But, this discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id*. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id*.

Here, defendant has submitted a JHU payroll record indicating that plaintiff was terminated from her employment with the University on March 19, 2020 (ECF 12-3), as well as an Affidavit from a University employee attesting to the record. ECF 12-2. However, DeRichelieu already

---

[5] In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.").

alleges in her Complaint that she was terminated on March 18, 2020.  ECF 1, ¶ 19.[6]  Therefore, the exhibits do not offer the Court any information necessary to the disposition of the case.  I will construe the Motion as a motion to dismiss.

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6).  *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Paradise Wire & Cable*, 918 F.3d at 317; *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  To be sure, a plaintiff need not include "detailed factual

---

[6] The one-day discrepancy between the Complaint and the JHU payroll record is not material.

allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, *Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi*, 930 F.3d at 605 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the

factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards*, 178 F.3d at 243). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (emphasis in *Goodman*) (quoting *Forst,* 4 F.3d at 250).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed. v. Town of Gilbert*, 576 U.S. 155, 135 S. Ct. 2218 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167.  Of import here, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Id.*  Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

Under these principles, I may consider plaintiff's EEOC Charge (ECF 5 at 2), as well as her EEOC Dismissal and Notice of Rights (*id*. at 1).  Both were attached to the Complaint, via the supplement at ECF 5.  "In employment discrimination cases, courts often take judicial notice of EEOC charges and EEOC decisions."  *Campbell v. Mayorkas*, 3:20-cv-697-MOC, 2021 WL

2210895, at *1 n.3 (W.D.N.C. July 1, 2021) (citing *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018)).

I am mindful that plaintiff is self-represented. Thus, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 Fed. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 Fed. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the Court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also M.D. v. Sch. Bd. of City of Richmond*, 560 Fed. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint). As the Fourth Circuit has said: "To do so would not only strain judicial resources by requiring those courts to explore exhaustively all potential claims of a pro se plaintiff, but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278.

### III. Discussion

Count I of plaintiff's Complaint asserts race, color, and sex-based discrimination in violation of Title VII and 42 U.S.C. § 1981.  ECF 1, ¶¶ 23-27.  Count II of the Complaint asserts race, color, and sex-based discrimination in violation of FEPA.  *Id*. ¶¶ 28-32.  Plaintiff's discrimination claim is based on her discipline, suspension, and termination from the University.  She does not bring a claim of harassment, nor a claim of retaliation.

JHU's skeletal, two-page memorandum in support of the Motion is premised entirely on timeliness.  ECF 12-1.  Defendant argues that the Charge was not timely filed with the EEOC because it was filed more than 300 days after plaintiff's termination, which is the relevant adverse employment action.  *Id*. ¶¶ 4, 5.  The Motion does not distinguish between the statutes cited by plaintiff, nor does it acknowledge plaintiff's § 1981 claim.

I will grant defendant's Motion as to plaintiff's Title VII and FEPA claims.  But, plaintiff's § 1981 claim is plainly within the statute of limitations.

### A. Title VII

Title VII prohibits an employer, *inter alia*, from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2.  Of relevance here, discrimination on the basis of sex includes discrimination on the basis of transgender status. *Bostock v. Clayton Cty.*, ___ U.S. ___, 140 S. Ct. 1731, 1754 (2020).

To assert a Title VII claim in federal court, a plaintiff must first exhaust her administrative remedies.  *See Fort Bend County v. Davis*, ___ U.S. ___, 139 S. Ct. 1843, 1851 (2019); *Patterson v. McLean Credit Union*, 491 U.S. 164, 181, (1989) (private sector employees), *superseded on other grounds* by 42 U.S.C. § 1981(b); *McCray v. Md. Dep't of Transp*., 662 Fed. App'x 221, 224

(4th Cir. 2016).  To do so, a plaintiff must file a "charge" of discrimination with the EEOC or an appropriate state or local agency within 180 days "after the alleged unlawful employment practice occur[s]."  42 U.S.C. § 2000e–5(e)(1); *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004).  Because Maryland is a "deferral" state, a claim must be filed no more than 300 days after the alleged unlawful employment practice.  *See Garnes v. Maryland*, RDB-17-1430, 2018 WL 276425, at *4 n.8 (D. Md. Jan. 3, 2018); *Valderrama v. Honeywell Tech. Sols., Inc.*, 473 F. Supp. 2d 658, 662 n.4 (D. Md. 2007), *aff'd*, 267 Fed. App'x 256 (4th Cir. 2008).[7]

Upon receiving a charge, the EEOC must notify the employer and investigate the allegations.  42 U.S.C. § 2000e–5(b).  If the EEOC finds "reasonable cause" to believe the charge is true, the EEOC must "endeavor to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion."  *Id*.  If the EEOC cannot achieve a voluntary settlement, it may "bring a civil action" against the employer in court. *Id*. § 2000e–5(f)(1). On the other hand, where the EEOC concludes that there is "n[o] reasonable cause to believe that the charge is true," Title VII directs the EEOC to dismiss the charge and notify the complainant of her right to sue in court.  *Id*. § 2000e–5(b), f(1).  This notice is commonly called a "right-to-sue letter."  *See, e.g*., *Laber v. Harvey*, 438 F.3d 404, 416 (4th Cir. 2006) (en banc).  A complainant has 90 days to file suit in federal or state court after being notified of the right to sue. *Id*. § 2000e–5f(1).

The Supreme Court recently held that a plaintiff's failure to exhaust her administrative remedies does not divest the court of jurisdiction.  *Davis*, 139 S. Ct. at 1846.  Rather, exhaustion

---

[7] A "deferral" state is one that has a law prohibiting employment discrimination on the same bases that are covered by the federal statutes and authorizing a state or local agency to grant or seek relief from such discrimination. *See, e.g*., *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 & n. 3 (4th Cir.2002); *Prelich v. Med. Resources, Inc*., 813 F. Supp. 2d 654, 661–62 (D. Md. 2011).

is a "claim-processing rule," and it is "'mandatory' in the sense that a court must enforce the rule if a party 'properly raises it.'"  *Id.* (cleaned up) (quoting *Eberhart v. United States*, 546 U.S. 12, 19, (2005) (per curiam)).   Thus, although a defendant may waive arguments related to administrative exhaustion, if asserted in a timely fashion such objections may warrant dismissal under Rule 12(b)(6).  *See Kenion v. Skanska USA Bldg., Inc*., RBD-18-3344, 2019 WL 4393296, at *4 (D. Md. Sept. 13, 2019) (discussing the import of *Davis*).

Here, the University argues that plaintiff exceeded the 300-day window because she filed her Charge on January 24, 2021, more than 300 days after her termination on March 18, 2020. ECF 12-1, ¶¶ 4, 5.  However, plaintiff alleges in her Complaint that she filed her Charge on or about July 9, 2020, which would place the period of her suspension and termination (between March 10 and March 18, 2020) comfortably within the 300-day timeframe.  ECF 1, ¶ 21.  But, as noted, plaintiff's attached Charge, which I may consider, contains a signature date of January 24, 2021.  ECF 5 at 2.

Ordinarily, at the motion to dismiss stage, I am required to accept as true the factual allegations in the Complaint, and draw all reasonable inferences in favor of the plaintiff.  *See Retfalvi*, 930 F.3d at 605.  But, "[w]hen the plaintiff attaches or incorporates a document upon which [her] claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper."  *Goines*, 822 F.3d at 167.

Although plaintiff alleged a particular date in her Complaint, the Charge plaintiff herself submitted with the suit reflects a different date.  Plaintiff's claim is necessarily premised on the Charge, because, as discussed earlier, filing a charge of discrimination is a prerequisite for bringing a Title VII suit.  And, after considerable opportunity to do so, plaintiff has not responded to the

University's arguments; she has not offered any explanation for the discrepancy nor has she submitted any other document that might reflect the date of July 9, 2020.  In these circumstances, it is appropriate to credit the date reflected in the Charge, rather than the conflicting date alleged in the Complaint.

I am mindful that documents not labelled formal charges of discrimination, such as EEOC intake questionnaires, may qualify as charging documents for the purpose of Title VII's limitations period if they meet certain requirements.  *See, e.g.*, *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 395-406 (2008); *Scott v. Md. Dep't of Pub. Safety & Corr. Servs.*, CCB-14-3695, 2015 WL 5836917, at *4-5 (D. Md. Oct. 2, 2015); *Rhodes v. Montgomery Cty. Dep't of Corrections and Rehabilitation*, AW-12-3172, 2013 WL 791208, at *7 n.4 (D. Md. Mar. 1, 2013); *White v. Mortgage Dynamics*, 528 F. Supp. 2d 576, 579-83 (D. Md. Dec. 20, 2007).[8]

But, plaintiff's Complaint does not reference any such alternate document.  And, as mentioned, she has not responded to the Motion to suggest the existence of an alternate document. Instead, her Complaint specifically mentions a "Charge of Discrimination," ECF 1, ¶ 21, and she included the Charge with her Complaint.  To assume the existence of some other document, never alleged, that could constitute a charge would go beyond drawing reasonable inferences in plaintiff's favor, and amount to improper speculation on behalf of plaintiff.

---

[8] *Holowecki* was an ADEA case, but the ADEA's exhaustion requirement is quite similar to that for Title VII. *Grice v. Baltimore Cty.*, JFM-07-01701, 2008 WL 4849322, at *4 n.3 (D. Md. Nov. 5. 2008), *aff'd*, 354 Fed. App'x 742 (4th Cir. 2009). Accordingly, courts have applied *Holowecki* in the context of employment discrimination claims under Title VII. *See, e.g.*, *EEOC v. Phase2 Invs., Inc.*, 310 F. Supp. 3d 550, 572-73 (D. Md. 2018); *Scott*, 2015 WL 5836917, at *4; *Bland v. Fairfax Cty.*, 799 F. Supp. 2d 609, 615-17 (E.D. Va. 2011).

It is also worth noting that the EEOC itself dismissed plaintiff's Charge as untimely. *See* ECF 5 at 1. Although this is not conclusive, it is certainly relevant. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1321 (4th Cir. 2001).

Accordingly, in view of the date that plainly appears in the Charge plaintiff provided, and plaintiff's failure to provide any explanation or suggest any alternative document, I will grant the Motion as to plaintiff's Title VII claim.

### B.   FEPA

The Motion does not specifically address plaintiff's FEPA claim (Count II), but the Title VII analysis above is dispositive. FEPA "is the state law analogue of Title VII." *Alexander v. Marriott Int'l, Inc.*, Civ. No. RWT–09–2402, 2011 WL 1231029, at *6 (D. Md. Mar. 29, 2011). And, state statutes of limitations apply to state claims in federal courts. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

S.G. § 20-1013(a) provides that "a complainant may bring a civil action . . . alleging an unlawful employment practice [under FEPA], if: (1) the complainant initially filed a timely administrative charge or a complaint under federal, State, or local law alleging an unlawful employment practice by the respondent; (2) at least 180 days have elapsed since the filing of the administrative charge or complaint; and (3)(i) . . . the civil action is filed within 2 years after the alleged unlawful employment practice occurred. . . ."[9] As the text indicates, "[a] timely filing of at least one administrative complaint under federal, state, or local law is a prerequisite to a civil

---

[9] S.G. § 20-1013(a)(3)(ii) contains a longer statute of limitations that applies to harassment allegations.

action under SG § 20-1013." *Watson v. Bd. of Educ. for Prince George's Cty.*, No. 2006, 2021 WL 4893594, at *19 (Md. Ct. Spec. App. Oct. 21, 2021).[10]

Plaintiff filed this action on August 3, 2021. *See* ECF 1. There is no dispute that this was within two years of the alleged unlawful employment practice, which occurred in March 2020. And, there is no dispute that at least 180 days elapsed between the filing of the Charge and the filing of the action, whether the Charge was filed on July 9, 2020, or January 24, 2021. Thus, whether or not plaintiff has satisfied the requirements of S.G. § 20-1013 turns on whether or not she timely filed her EEOC Charge.

As discussed, I have concluded that plaintiff did not timely file her Charge, based on the signature date that appears on the Charge that plaintiff submitted with her Complaint. Accordingly, plaintiff has not satisfied the requirements of S.G. § 20-1013, and I will grant the Motion as to plaintiff's FEPA claim.

### C.  42 U.S.C. § 1981

Plaintiff also brings a claim under 42 U.S.C. § 1981. As noted, the Motion does not even acknowledge that plaintiff has brought a § 1981 claim. But, because § 1981 operates differently than Title VII, plaintiff's suit is plainly within the statute of limitations period, regardless of when plaintiff filed her Charge.

---

[10] A separate provision of FEPA, S.G. § 20-1004, required a non-harassment complaint to be "filed within 6 months after the date on which the alleged discriminatory act occurred" for it to be investigated by the Maryland Commission for Civil Rights. S.G. § 20-1004(c)(1)(i) (2014 Repl. Vol., 2020 Supp.). But, regardless of when plaintiff filed the Charge, this requirement is not relevant for plaintiff's ability to bring suit, because S.G. § 20-1013 merely requires the timely filing of *any* "administrative complaint under federal, state, or local law." S.G. § 20-1013(a)(1). *See, e.g.*, *Bishop v. Bd. of Educ. of Calvert Cty.*, DKC-11-1100, 2011 WL 2651246, at *3-5 (D. Md. July 5, 2011); *Watson*, 2021 WL 4893594, at *14-19. In 2021, the Maryland General Assembly amended S.G. § 20-1004 to extend the deadline to 300 days for "[a] complaint alleging an unlawful employment practice other than harassment," but this change did not take effect until October 1, 2021. *See* S.G. § 20-1004(c)(2) (2021 Repl. Vol.); 2021 Md. Laws, ch. 201.

16

Like Title VII, § 1981 prohibits, *inter alia*, "discrimination in employment on the basis of race." *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551-52 (4th Cir. 2006). *See Johnson v. Ry. Express Agency, Inc*., 421 U.S. 454, 459-60 (1975) ("§ 1981 affords a federal remedy against discrimination in private employment on the basis of race"); *Sillah v. Burwell*, 244 F. Supp. 3d 499, 511 (D. Md. 2017) ("In the employment context, courts analyze claims of racial discrimination brought under § 1981 consistent with those brought under Title VII of the Civil Rights Act of 1964."). In relevant part, § 1981(a) provides: "All persons within the Jurisdiction of the United States shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens." Section 1981(b) states: "For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."[11]

"Section 1981 has no requirement to exhaust administrative claims and [a plaintiff's] claims under that statute are limited only by its limitations statute." *Clarke v. DynCorp. Intern. LLC*, 962 F. Supp. 2d 781, 789 (D. Md. 2013). When a plaintiff's claim concerns alleged post-contract discrimination rather than discrimination in the formation of her employment contract, the applicable statute of limitations is four years. That is because such claims arise under the amendment to § 1981 made by the Civil Rights Act of 1991, and thus fall within the general four-year statute of limitations provided by Congress for civil actions arising under an act of Congress

---

[11] Section 1981(b) was enacted as part of the Civil Rights Act of 1991 in order to legislatively overrule the Supreme Court's holding in *Patterson v. McLean Credit Union*, 491 U.S. 164, (1989), to the effect that § 1981 applied "only to the formation of a contract" and not "to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Id*. at 176-77. *See generally CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 449-51 (2008) (discussing post-Patterson enactment of § 1981(b)).

17

enacted after December 1, 1990.  *See* 28 U.S.C. § 1658; *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 383-85 (2004); *James v. Circuit City Stores Inc.*, 370 F.3d 417, 420-21 (4th Cir. 2004).

Plaintiff was hired in September 2018.  ECF 1, ¶ 5.  Her claims concern alleged discrimination in March 2020, during plaintiff's employment and after the formation of her employment contract.  *See* ECF 1, ¶¶ 12-19.  Thus, the four-year statute of limitations applies.  And, she clearly filed suit within four years of the alleged discrimination.  Indeed, plaintiff's entire period of employment is within § 1981's four-year statute of limitations.  Accordingly, I shall deny the Motion as to plaintiff's § 1981 claim.

## IV.  Conclusion

For the reasons stated above, I shall construe the Motion as a motion to dismiss and grant it as to plaintiff's Title VII claim, which is contained in Count I, and plaintiff's FEPA claim, which is Count II.  But, I shall deny the Motion as to plaintiff's § 1981 claim, which is also contained in Count I.

However, I recognize that plaintiff has not responded to the Motion, or otherwise participated in her lawsuit, even after being warned about the dangers of failing to oppose the Motion.  *See* ECF 14; ECF 15.  Of course, the litigation cannot proceed if plaintiff no longer wishes to pursue it.

Therefore, within 30 days of the docketing of this Memorandum and the accompanying Order, plaintiff shall notify the Court, in writing, if she wishes to continue to pursue her remaining claim.  If she does, the University shall have 21 days from her notification to answer the Complaint or otherwise respond, to the extent permitted by the Federal Rules of Civil Procedure.  If plaintiff does not respond, or indicates that she no longer wishes to continue to pursue her claim, the Court may dismiss the suit, without further notice and without prejudice.

An Order follows, consistent with this Memorandum.


Date:   December 23, 2021                          _____/s/_____
                                                   Ellen L. Hollander
                                                   United States District Judge